■ BANC OF AMERICA MORTGAGE CAPITAL CORP., Respondent, v GAMAL T. HASAN, Appellant, et al., Defendants. [30 NYS3d 649]—

In an action to foreclose a mortgage, the defendant Gamal T. Hasan appeals, as limited by his brief, from so much of an

order of the Supreme Court, Kings County (Knipel, J.), dated January 22, 2015, as granted the plaintiff's motion to vacate a prior order of the same court dated December 12, 2013, directing the dismissal of the action pursuant to CPLR 3215 (c), and to restore the action to active status insofar as it related to him.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this mortgage foreclosure action in October 2009. The defendants failed to appear or answer the complaint. In June 2010, within one year of the defendants' default, the plaintiff moved for an order of reference. In November 2010, before the motion was decided, the plaintiff filed a notice of withdrawal requesting that its prior motion be withdrawn. The motion was marked withdrawn in 2012. By order dated December 12, 2013, the Supreme Court, sua sponte, directed the dismissal of the complaint pursuant to CPLR 3215 (c). In September 2014, the plaintiff moved to vacate the order dated December 12, 2013, and to restore the action to active status. The defendant Gamal T. Hasan (hereinafter the appellant) opposed the motion. In the order appealed from dated January 22, 2015, the Supreme Court granted the plaintiff's motion, and we affirm the order insofar as appealed from.

CPLR 3215 provides that "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after [a] default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed" (CPLR 3215 [c]). "The policy behind CPLR 3215 (c) is to prevent parties who have asserted claims from unreasonably delaying the termination of actions, and to avoid inquests on stale claims" (*Giglio v NTIMP, Inc.*, 86 AD3d 301, 307 [2011]).

Here, in 2010, when the plaintiff took the preliminary step toward obtaining a judgment of foreclosure and sale by moving for an order of reference, it initiated proceedings for entry of the judgment of foreclosure and sale within one year of the defendants' default and, thus, did not abandon the action (*see* CPLR 3215 [c]; *US Bank N.A. v Dorestant*, 131 AD3d 467, 469 [2015]; *Wells Fargo Bank, N.A. v Combs*, 128 AD3d 812, 813 [2015]; *HSBC Bank USA, N.A. v Alexander*, 124 AD3d 838, 839 [2015]; *Klein v St. Cyprian Props., Inc.*, 100 AD3d 711, 712 [2012]). Contrary to the appellant's contention, the withdrawal of the plaintiff's motion for an order of reference did not

demonstrate that the plaintiff failed to initiate proceedings for entry of a judgment of foreclosure and sale. Therefore, the Supreme Court properly vacated the order dated December 12, 2013, insofar as it related to the appellant. Furthermore, the Supreme Court properly granted that branch of the plaintiff's motion which was to restore the action to active status insofar as it related to the appellant (*see Infante v Breslin Realty Dev. Corp.*, 95 AD3d 1075, 1075 [2012]). Rivera, J.P., Leventhal, Dickerson and Miller, JJ., concur.