Appeal from an order of the Supreme Court, Suffolk County (Behar, J.), dated December 8, 2014. The order denied the plaintiff’s unopposed motion for leave to enter a default judgment and an order of reference, for leave to amend the caption to remove the plaintiff’s address and substitute the names of several party defendants in place of “JOHN DOE,” and for leave to amend the complaint to reflect that the plaintiff’s place of incorporation is Sioux Falls, South Dakota, and, sua sponte, directed dismissal of the complaint pursuant to CPLR 3215 (c) and cancelled the notice of pendency filed against the subject property.
 

 Ordered that on the Court’s own motion, the notice of appeal from so much of the order as, sua sponte, directed dismissal of the complaint pursuant to CPLR 3215 (c) and cancelled the notice of pendency filed against the subject property is deemed to be an application for leave to appeal from those portions of the order, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,
 

 Ordered that the order is reversed, on the law, without costs or disbursements, and the plaintiff’s unopposed motion for leave to enter a default judgment and an order of reference, for leave to amend the caption to remove the plaintiff’s address and substitute the names of several party defendants in place of “JOHN DOE,” and for leave to amend the complaint to reflect that the plaintiffs place of incorporation is Sioux Falls, South Dakota, is granted.
 

 The plaintiff commenced this action against, among others, Pedro Mayen, also known as Pedro A. Mayen (hereinafter the defendant), in February 2009. The defendant was served by publication in May 2010, and he failed to answer or appear. In August 2010, the plaintiff moved for leave to enter a default judgment against the defendant and an order of reference, but withdrew the motion before it was decided. In November 2011, the plaintiff filed a second motion for leave to enter a default judgment and an order of reference. However, the motion was denied on the ground that the moving papers did not include a waiver, consent, or report from the guardian ad litem for the defendant. In the interim, the defendant failed to appear for a settlement conference.
 

 In December 2013, the plaintiff filed a third motion, seeking leave to enter a default judgment, an order of reference, and ancillary relief with respect to the caption and amendment of the pleadings. In support of the third motion, the plaintiff included a consent and a waiver from the guardian ad litem. The defendant failed to oppose the motion. Nevertheless, the Supreme Court denied the motion, and, sua sponte, directed dismissal of the complaint pursuant to CPLR 3215 (c) and cancelled the notice of pendency filed against the subject property. The plaintiff appeals.
 

 CPLR 3215 (c) provides that “ [i] f the plaintiff fails to take proceedings for the entry of judgment within one year after [a] default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed.” However, “[i]t is not necessary for a plaintiff to actually obtain a default judgment within one year of the default in order to avoid dismissal pursuant to CPLR 3215 (c)” (US Bank N.A. v Dorestant, 131 AD3d 467, 469 [2015]; see Aurora Loan Servs., LLC v Gross, 139 AD3d 772, 773 [2016]; Wells Fargo Bank, N.A. v Combs, 128 AD3d 812, 813 [2015]). Rather, it is enough that the plaintiff timely takes “the preliminary step toward obtaining a default judgment of foreclosure and sale by moving for an order of reference” to establish that it “initiated proceedings for entry of a judgment within one year of the default” for the purpose of satisfying CPLR 3215 (c) (‘Wells Fargo Bank, N.A. v Combs, 128 AD3d at 813; see Klein v St. Cyprian Props., Inc., 100 AD3d 711, 712 [2012]; Brown v Rosedale Nurseries, 259 AD2d 256, 257 [1999]). “[A]s long as proceedings are being taken, and these proceedings manifest an intent not to abandon the case but to seek a judgment, the case should not be subject to dismissal” (Brown v Rosedale Nurseries, 259 AD2d at 257 [internal quotation marks omitted]; see US Bank N.A. v Dorestant, 131 AD3d at 469; Wells Fargo Bank, N.A. v Combs, 128 AD3d at 813; Klein v St. Cyprian Props., Inc., 100 AD3d at 712). This is so even where, as here, a timely motion for an order of reference is subsequently withdrawn (see HSBC Bank USA, N.A. v Traore, 139 AD3d 1009, 1011 [2016]; Banc of Am. Mtge. Capital Corp. v Hasan, 138 AD3d 903, 904-905 [2016]; US Bank N.A. v Dorestant, 131 AD3d at 468; HSBC Bank USA, N.A. v Alexander, 124 AD3d 838, 839 [2015]).
 

 Here, the plaintiff took the preliminary step toward obtaining a default judgment of foreclosure and sale by moving for an order of reference (see RPAPL 1321 [1]) in August 2010, within one year of the defendant’s default. Accordingly, the plaintiff did not abandon the action (see CPLR 3215 [c]; HSBC Bank USA, N.A. v Traore, 139 AD3d at 1011; US Bank N.A. v Dorestant, 131 AD3d at 469; Wells Fargo Bank, N.A. v Combs, 128 AD3d at 813).
 

 Furthermore, the Supreme Court erred in denying those branches of the plaintiff’s unopposed motion which were for leave to enter a default judgment and an order of reference. “An applicant for a default judgment against a defendant must submit proof of service of the summons and complaint, proof of the facts constituting the claim, and proof of the defaulting defendant’s failure to answer or appear” (U.S. Bank, N.A. v Razon, 115 AD3d 739, 740 [2014]; see CPLR 3215 [f]; Citimortgage, Inc. v Chow Ming Tung, 126 AD3d 841, 843 [2015]). Here, on its motion, the plaintiff satisfied these requirements (see HSBC Bank USA, N.A. v Clayton, 146 AD3d 942, 944 [2017]; U.S. Bank N.A. v Wolnerman, 135 AD3d 850, 851 [2016]; Deutsche Bank Natl. Trust Co. v Otano, 129 AD3d 770, 771 [2015]). Similarly, the plaintiff established its entitlement to an order of reference (see RPAPL 1321; Wells Fargo Bank, NA v Ambrosov, 120 AD3d 1225, 1226 [2014]; HSBC Bank USA, N.A. v Taher, 104 AD3d 815, 816 [2013]; Bank of N.Y. v Alderazi, 99 AD3d 837, 838 [2012]).
 

 Further, under the circumstances present here, the Supreme Court should have granted the remaining branches of the plaintiff’s unopposed motion, which were for leave to amend the caption to remove the plaintiff’s address and substitute the names of several party defendants in place of “JOHN DOE,” and for leave to amend the complaint to reflect that the plaintiff’s place of incorporation is Sioux Falls, South Dakota (see CPLR 3025 [b]; cf. Davis v South Nassau Communities Hosp., 26 NY3d 563, 580-581 [2015]; Washington Mut. Bank v Nussen, 138 AD3d 828, 830 [2016]).
 

 Rivera, J.P., Miller, Maltese and Connolly, JJ., concur.