U.S. Bank, N.A. v Rosario (2018 NY Slip Op 06050)





U.S. Bank, N.A. v Rosario


2018 NY Slip Op 06050


Decided on September 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2015-11798
2016-01438
 (Index No. 15956/09)

[*1]U.S. Bank, National Association, etc., appellant,
v
Roberto Rosario, et al., respondents, et al., defendants.


Sandelands Eyet LLP, New York, NY (William C. Sandelands, Laurence P. Chirch, and Kathleen Cavanaugh of counsel), for appellant.
Angelyn Johnson & Associates, LLC (Wenig Saltiel LLP, Brooklyn, NY [Meryl L. Wenig], of counsel), for respondents.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated October 2, 2015, and (2) an order of the same court dated December 15, 2015. The order dated October 2, 2015, denied the plaintiff's motion, in effect, for leave to enter a default judgment against the defendant Jose Lopez and for an order of reference, and granted the cross motion of the defendants Roberto Rosario and Jose Lopez pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them and to impose sanctions against the plaintiff pursuant to 22 NYCRR 130-1.1. The order dated December 15, 2015, after a hearing, awarded those defendants an attorney's fee pursuant to 22 NYCRR 130-1.1 in the sum of $5,600.
ORDERED that the order dated October 2, 2015, is reversed, on the law, the plaintiff's motion, in effect, for leave to enter a default judgment against the defendant Jose Lopez and for an order of reference is granted, the cross motion of the defendants Roberto Rosario and Jose Lopez pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them and to impose sanctions against the plaintiff pursuant to 22 NYCRR 130-1.1 is denied, and the order dated December 15, 2015, is vacated; and it is further,
ORDERED that the appeal from the order dated December 15, 2015, is dismissed as academic, in light of our determination on the appeal from the order dated October 2, 2015; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff commenced this action to foreclose a mortgage given by the defendants Roberto Rosario and Jose Lopez to secure a note. The plaintiff moved, in effect, for leave to enter a default judgment against Rosario and Lopez, upon their failure to timely appear or answer the [*2]complaint, and for an order of reference. The plaintiff subsequently withdrew the motion insofar as it related to Rosario. Rosario and Lopez cross-moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them, contending, inter alia, that the Supreme Court lacked personal jurisdiction over Rosario. They also moved to impose sanctions against the plaintiff pursuant to 22 NYCRR 130-1.1. In an order dated October 2, 2015, the court denied the plaintiff's motion and granted the cross motion. Subsequently, in an order dated December 15, 2015, the court, after a hearing, awarded Rosario and Lopez an attorney's fee pursuant to 22 NYCRR 130-1.1 in the sum of $5,600. The plaintiff appeals.
In support of their cross motion, Rosario and Lopez argued that the process server's affidavit of service as to Rosario was "wholly devoid" of any reference to the mailing prong of CPLR 308(2) and that the requisite mailing "was not done." They further contended that inasmuch as personal jurisdiction was not obtained over Rosario (see CPLR 3211[a][8]), the complaint must also be dismissed as to Lopez (see CPLR 1001, 3211[a][10]; RPAPL 1311). However, in opposition to the cross motion, the plaintiff submitted an affidavit of service wherein the process server attested that three days after serving a person of suitable age and discretion at Rosario's place of business, he served the summons and complaint by mail (see CPLR 308[2]). Accordingly, the Supreme Court should have denied that branch of cross motion of Rosario and Lopez which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them.
"An applicant for a default judgment against a defendant must submit proof of service of the summons and complaint, proof of the facts constituting the claim, and proof of the defaulting defendant's failure to answer or appear" (Wells Fargo Bank, N.A. v Mayen, 155 AD3d 811, 813 [internal quotation marks omitted]; see CPLR 3215[f]). Here, the plaintiff demonstrated its entitlement to a default judgment against Lopez and to an order of reference by submitting, inter alia, the mortgage, the unpaid note, the complaint, the affidavit of a representative of its servicing agent attesting to Lopez's default, and proof that Lopez failed to appear or answer within the time allowed (see CPLR 308[1]; 3215[f]; RPAPL 1321; Wells Fargo Bank, N.A. v Mayen, 155 AD3d at 813; Wells Fargo Bank, NA v Ambrosov, 120 AD3d 1225, 1226). In opposition, Lopez failed to submit evidence sufficient to defeat the plaintiff's facially adequate motion (see HSBC Bank USA, N.A. v Traore, 139 AD3d 1009, 1011). Accordingly, the Supreme Court should have granted the plaintiff's motion, in effect, for leave to enter a default judgment against Lopez and for an order of reference (see CPLR 3215[f]; RPAPL 1321).
Under the circumstances, the plaintiff's conduct was not frivolous within the meaning of 22 NYCRR 130-1.1 (see Joan 2000, Ltd. v Deco Constr. Corp., 66 AD3d 841). Accordingly, the Supreme Court should have denied that branch of the cross motion of Rosario and Lopez which was to impose sanctions against the plaintiff.
The remaining contentions of Rosario and Lopez are either without merit or not properly before this Court.
DILLON, J.P., CHAMBERS, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court