Aurora Loan Servs., LLC v Colleluori (2019 NY Slip Op 02305)





Aurora Loan Servs., LLC v Colleluori


2019 NY Slip Op 02305


Decided on March 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2016-07851
 (Index No. 3416/10)

[*1]Aurora Loan Services, LLC, respondent,
v
Anthony J. Colleluori, etc., appellant, et al., defendants.


Anthony J. Colleluori, Syosset, NY, appellant pro se.
Akerman LLP, New York, NY (Jordan M. Smith and Ashley S. Miller of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Anthony J. Colleluori appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered June 13, 2016. The order granted the plaintiff's motion for an order of reference, and denied that defendant's cross motion to dismiss the complaint insofar as asserted against him.
ORDERED that the order is affirmed, with costs.
In February 2010, the plaintiff commenced this action against, among others, the defendant Anthony J. Colleluori (hereinafter the defendant) to foreclose a mortgage. The defendant failed to timely appear or answer the complaint. In August 2010, the plaintiff moved, ex parte, for an order of reference. In March 2011, the plaintiff withdrew the motion before it was decided.
The defendant, an attorney, participated in numerous CPLR 3408 settlement conferences, as his own attorney and with counsel representing him, from August 2010 until November 2013, when the matter was released from the mandatory settlement conference part. Thereafter, the plaintiff moved for an order of reference. On December 3, 2014, the defendant submitted a letter in which he stated that he was appearing pro se. He requested an adjournment of the plaintiff's motion so that he could submit a "meritorious defense" to the motion, but did not assert lack of personal jurisdiction.
The defendant then cross-moved pursuant to CPLR 3211(a)(8) or 3215(c) to dismiss the complaint insofar as asserted against him. Both the motion and the cross motion were denied, with leave to renew. The plaintiff again moved for an order of reference. The defendant opposed the motion and cross-moved to dismiss the complaint insofar as asserted against him pursuant to CPLR 3211(a)(8) and/or 5015(a)(4) for lack of personal jurisdiction, or pursuant to CPLR 3215(c) as abandoned. In the order appealed from, the Supreme Court granted the plaintiff's motion for an order of reference, and denied the defendant's cross motion to dismiss the complaint. The defendant appeals.
We agree with the Supreme Court's determination to grant the plaintiff's motion for an order of reference. The plaintiff established its entitlement to an order of reference (see RPAPL 1321) through the submission of, inter alia, the affidavit of an employee of the loan servicer which set forth the facts establishing the cause of action, the note and mortgage, proof that the defendant defaulted under the terms of the note and mortgage, as well as proof that the defendant failed to [*2]answer or appear within the time allowed (see Nationstar Mtge., LLC v Kamil, 155 AD3d 968, 968).
We also agree with the Supreme Court's determination to deny those branches of the defendant's cross motion which were pursuant to CPLR 3211(a)(8) and/or 5015(a)(4) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction. The defendant's course of conduct in this action, which included appearing in the action pro se without asserting the defense of lack of personal jurisdiction, constituted a waiver of the defense of lack of personal jurisdiction (see American Home Mtge. Servicing, Inc. v Arklis, 150 AD3d 1180; cf. Wells Fargo Bank, N.A. v Final Touch Interiors, LLC, 112 AD3d 813, 814).
Further, we agree with the Supreme Court's determination to deny that branch of the defendant's cross motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him. In August 2010, the plaintiff took the preliminary step toward obtaining a judgment of foreclosure and sale by moving, ex parte, for an order of reference. Thus, the plaintiff initiated proceedings for entry of the judgment of foreclosure and sale within one year of the defendant's default (see CPLR 3215[c]; Banc of Am. Mtge. Capital Corp. v Hasan, 138 AD3d 903, 904). Contrary to the defendant's contention, "the withdrawal of the plaintiff's motion for an order of reference did not demonstrate that the plaintiff failed to initiate proceedings for entry of a judgment of foreclosure and sale" (Banc of Am. Mtge. Capital Corp. v Hasan, 138 AD3d at 904-905; see Aurora Loan Servs., LLC v Gross, 139 AD3d 772, 773). There is no evidence in this case of an intent to abandon the action.
Since an order of reference has been entered upon his default, the defendant is precluded from raising the plaintiff's alleged failure to comply with RPAPL 1303 and 1304 (see HSBC Bank USA, N.A. v Hasis, 154 AD3d 832, 834; Deutsche Bank Natl. Trust Co. v Lopez, 148 AD3d 475, 476; Flagstar Bank, FSB v Jambelli, 140 AD3d 829, 830; Citimortgage, Inc. v Baser, 137 AD3d 735, 736; PHH Mtge. Corp. v Celestin, 130 AD3d 703, 704).
The defendant's remaining contentions are without merit.
RIVERA, J.P., CHAMBERS, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court