JPMorgan Chase Bank, N.A. v Wright (2019 NY Slip Op 05967)





JPMorgan Chase Bank, N.A. v Wright


2019 NY Slip Op 05967


Decided on July 31, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2017-07394
 (Index No. 15091/11)

[*1]JPMorgan Chase Bank, N.A., etc., appellant,
v
Cindy E. Wright, respondent.


Solomon & Siris, P.C., Garden City, NY (Stuart Siris, Jackie L. Gross, and Eric Anthony Zeni of counsel), for appellant.
Young Law Group, PLLC, Bohemia, NY (Ivan E. Young of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to compel the Suffolk County Clerk to accept for recording a copy of a mortgage, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Paul J. Baisley, Jr., J.), dated May 12, 2017. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for leave to amend the complaint to allege that the copy of the subject mortgage in its possession was valid on its face.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's motion which was for leave to amend the complaint to allege that the copy of the subject mortgage in its possession was valid on its face is granted.
The plaintiff commenced this action, inter alia, to compel the Suffolk County Clerk to accept for recording a copy of a mortgage. The factual and procedural background is set forth more fully in this Court's decision and order on a related appeal (see JPMorgan Chase Bank, N.A. v Wright, _____ AD3d _____ [Appellate Division Docket No. 2016-11511; decided herewith]). The plaintiff moved, inter alia, pursuant to CPLR 3025(b) for leave to amend the complaint to allege that the copy of the subject mortgage in its possession was valid on its face. The Supreme Court denied that branch of the motion.
The Legislature has provided that parties may amend pleadings with leave of the court, and that such "[l]eave shall be freely given" (CPLR 3025[b]). Courts have interpreted that provision to mean that, in the absence of prejudice or surprise to the opposing party "resulting directly from the delay in seeking leave," courts should grant leave to amend "unless the proposed amendment is palpably insufficient or patently devoid of merit" (Lucido v Mancuso, 49 AD3d 220, 222, 227 [internal quotation marks omitted]). Here, although the complaint adequately stated a cause of action for an order directing the Suffolk County Clerk to accept a copy of the mortgage for recording without the proposed amendment, which was intended to rectify a pleading issue erroneously identified by the Supreme Court (see JPMorgan Chase Bank, N.A. v Wright, _____ AD3d _____ [Appellate Division Docket No. 2016-11511; decided herewith]), the proposed amendment was neither palpably insufficient nor patently devoid of merit. Accordingly, the court should have granted that branch of the plaintiff's motion which was for leave to amend the complaint to allege that the copy of the subject mortgage in its possession was valid on its face (see Wells [*2]Fargo Bank, N.A. v Mayen, 155 AD3d 811).
RIVERA, J.P., ROMAN, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court