US Bank, NA v Chime (2020 NY Slip Op 03818)





US Bank, NA v Chime


2020 NY Slip Op 03818


Decided on July 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2019-03548
 (Index No. 130168/09)

[*1]US Bank, NA, etc., respondent, 
v
Michael Chime, appellant, et al., defendants.


Da'Tekena Barango-Tariah, Brooklyn, NY, for appellant.
Gross Polowy, LLC, Westbury, NY (Stephen J. Vargas of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Michael Chime appeals from an order of the Supreme Court, Richmond County (Kim Dollard, J.), dated December 4, 2018. The order, insofar as appealed from, in effect, granted those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant Michael Chime and for an order of reference, and denied that defendant's cross motion pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In February 2009, Chase Home Finance, LLC (hereinafter Chase), the plaintiff's predecessor in interest, commenced this mortgage foreclosure action against Michael Chime (hereinafter the defendant), among others, alleging that the defendant defaulted under the terms of a note and mortgage. In April 2009, after the defendant defaulted in appearing or answering the complaint, Chase moved, inter alia, for leave to enter a default judgment and for an order of reference. Thereafter, the defendant filed a notice of appearance. In October 2010, Chase withdrew its motion. In 2014, Chase once again moved, inter alia, for an order of reference, and the Supreme Court granted the motion in an order dated January 7, 2015, and issued a judgment of foreclosure and sale dated September 7, 2017. In an order dated March 8, 2018, the court granted the defendant's motion to vacate the order dated January 7, 2015, and the judgment of foreclosure and sale. In June 2018, the plaintiff moved, once again, inter alia, for leave to enter a default judgment and for an order of reference. The defendant cross-moved pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned. In an order dated December 4, 2018, the court granted the plaintiff's motion and denied the defendant's cross motion. The defendant appeals.
"An applicant for a default judgment against a defendant must submit proof of service of the summons and complaint, proof of the facts constituting the claim, and proof of the defaulting defendant's failure to answer or appear" (U.S. Bank, N.A. v Razon, 115 AD3d 739, 740; see CPLR 3215[f]). To satisfy this requirement, an affidavit submitted in support of the motion "need only allege enough facts to enable a court to determine that a viable cause of action exists" (Woodson v Mendon Leasing Corp., 100 NY2d 62, 71). Here, on its motion, the plaintiff satisfied these [*2]requirements (see Deutsche Bank Natl. Trust Co. v Silverman, 178 AD3d 898, 899-900; HSBC Bank USA, N.A. v Clayton, 146 AD3d 942, 944). Similarly, the plaintiff established its entitlement to an order of reference (see RPAPL 1321; Aurora Loan Servs., LLC v Movtady, 165 AD3d 1025, 1026; Wells Fargo Bank, N.A. v Mayen, 155 AD3d 811, 813).
To successfully oppose a facially adequate motion for leave to enter a default judgment and for an order of reference, a defendant must show either that there was no default, or that there was a reasonable excuse for the delay and a potentially meritorious defense to the action (see Aurora Loan Servs., LLC v Movtady, 165 AD3d at 1026-1027; US Bank N.A. v Dorestant, 131 AD3d 467, 470). Here, the defendant merely cross-moved pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned.
CPLR 3215(c) provides, in pertinent part, that "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed" (see Banc of Am. Mtge. Capital Corp. v Hasan, 138 AD3d 903, 904; Giglio v NTIMP, Inc., 86 AD3d 301, 307). It is not necessary for a plaintiff to actually obtain a default judgment within one year of the defendant's default in answering or appearing in order to avoid dismissal pursuant to CPLR 3215(c) (see Wells Fargo Bank, N.A. v Mayen, 155 AD3d at 812). For the purpose of satisfying CPLR 3215(c), it is sufficient that the plaintiff, as a preliminary step toward obtaining a default judgment of foreclosure and sale, timely moves for an order of reference (see Banc of Am. Mtge. Capital Corp. v Hasan, 138 AD3d at 904). Here, in April 2009, when Chase, the plaintiff's predecessor in interest, moved for an order of reference, it initiated proceedings for the entry of a judgment of foreclosure and sale within one year of the defendant's default and, thus, did not abandon the action (see id.). Contrary to the defendant's contention, the withdrawal of the 2009 motion did not demonstrate that there was a failure to initiate proceedings for the entry of judgment (see Aurora Loan Servs., LLC v Colleluori, 170 AD3d 1097, 1099; Banc of Am. Mtge. Capital Corp. v Hasan, 138 AD3d at 904-905).
Accordingly, we agree with the Supreme Court's determination, in effect, granting those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant and for an order of reference, and denying the defendant's cross motion pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned.
DILLON, J.P., MALTESE, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court