Bank of Am., N.A. v Wessen (2020 NY Slip Op 04141)





Bank of Am., N.A. v Wessen


2020 NY Slip Op 04141


Decided on July 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
CHERYL E. CHAMBERS
SHERI S. ROMAN
LINDA CHRISTOPHER, JJ.


2018-10905
 (Index No. 34318/08)

[*1]Bank of America, N.A., etc., appellant, 
v
John C. Wessen, et al., defendants, US Bank National Association, etc., respondent.


Davidson Fink LLP, Rochester, NY (Richard N. Franco of counsel), for appellant.
Houser LLP, New York, NY (Kathleen M. Massimo and David S. Yohay of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated February 26, 2016. The order, insofar as appealed from, granted that branch of the motion of the defendant US Bank National Association which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against it as abandoned.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant US Bank National Association which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against it as abandoned is denied.
In December 2008, the plaintiff commenced this action to foreclose a mortgage. The defendant US Bank National Association (hereinafter US Bank) failed to answer, and the plaintiff moved for an order of reference in April 2009. The plaintiff withdrew this motion in October 2010. In September 2012, the plaintiff again moved for an order of reference. In January 2014, US Bank moved, inter alia, pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against it as abandoned. The Supreme Court, among other things, granted that branch of US Bank's motion. The plaintiff appeals.
CPLR 3215(c) provides that "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after [a] default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed." "It is not necessary for a plaintiff to actually obtain a default judgment within one year of the default in order to avoid dismissal pursuant to CPLR 3215(c)" (Aurora Loan Servs., LLC v Bandhu, 175 AD3d 1470, 1471). "As long as the plaintiff has initiated proceedings for the entry of a judgment within one year of the default, there is no basis for dismissal of the complaint pursuant to CPLR 3215(c)" (id. at 1471). Moreover, " the withdrawal of the plaintiff's motion for an order of reference [does] not demonstrate that the plaintiff failed to initiate proceedings for entry of a judgment of foreclosure and sale'" (Aurora Loan Servs, LLC v Colleluori, 170 AD3d 1097, 1099, quoting Banc of Am. Mtge. Capital Corp. v Hasan, 138 AD3d 903, 904-905).
Here, the Supreme Court should have denied that branch of US Bank's motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against it as abandoned, because the plaintiff moved for an order of reference within one year of US Bank's default (see e.g. Aurora Loan Servs, LLC v Bandhu, 175 AD3d at 1471). "In such cases, the complaint should not be dismissed, even if, as here, the plaintiff's motion is later withdrawn'" (id., quoting Aurora Loan Servs, LLC v Gross, 139 AD3d 772, 773).
SCHEINKMAN, P.J., CHAMBERS, ROMAN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court