Onewest Bank, FSB v Kanapathipillai (2020 NY Slip Op 05764)





Onewest Bank, FSB v Kanapathipillai


2020 NY Slip Op 05764


Decided on October 14, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 14, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2018-03812
 (Index No. 32470/09)

[*1]Onewest Bank, FSB, respondent,
v
Balakrizhnan Kanapathipillai, appellant, et al, defendants.


The Rosenfeld Law Office, Lawrence, NY (Aviy Rosenfeld of counsel), for appellant.
Gross Polowy, LLC, Williamsville, NY (Stephen A. Vargas of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Balakrizhnan Kanapathipillai appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated December 18, 2017. The order granted the plaintiff's motion to vacate an order of reference dated February 22, 2012, and for a new order of reference, and, in effect, denied that defendant's cross motion to dismiss the complaint insofar as asserted against him.
ORDERED that the order dated December 18, 2017, is affirmed, with costs.
The plaintiff commenced this action to foreclose a mortgage by filing a summons and complaint dated December 17, 2009. Service on the defendant Balakrizhnan Kanapathipillai (hereinafter the defendant) was completed on January 4, 2010. The defendant failed to timely answer the complaint. The plaintiff subsequently moved for leave to enter a default judgment and for an order of reference, and the motion was granted in an order of reference dated February 22, 2012. Following additional motion practice, on June 6, 2017, the plaintiff moved to vacate the order of reference dated February 22, 2012, and for a new order of reference. The defendant opposed the motion, and cross-moved to dismiss the complaint insofar as asserted against him. The Supreme Court granted the plaintiff's motion and, in effect, denied the defendant's cross motion. The defendant appeals.
The defendant contends that the plaintiff violated CPLR 3215(c), which requires a plaintiff to take proceedings for the entry of judgment within one year after the default. However, "[i]t is not necessary for a plaintiff to actually obtain a default judgment within one year of the default in order to avoid dismissal pursuant to CPLR 3215(c)" (Bank of Am., N.A. v Lucido, 163 AD3d 614, 615). So long as the plaintiff initiated proceedings for the entry of a judgment within one year of the default, there is no basis for dismissal of the complaint pursuant to that statute (see HSBC Bank USA, N.A. v Roldan, 155 AD3d 942, 944). Here, the plaintiff complied with CPLR 3215(c) by moving for a default judgment and order of reference within one year of the default. "Contrary to the defendant's contention, 'the withdrawal of the plaintiff's motion for an order of reference did not demonstrate that the plaintiff failed to initiate proceedings for entry of a judgment of foreclosure and sale'" (Aurora Loan Servs., LLC v Colleluori, 170 AD3d 1097, 1099, quoting Banc of Am. Mtge. [*2]Capital Corp. v Hasan, 138 AD3d 903, 905).
The defendant's remaining contentions are not properly before this Court or are without merit.
Accordingly, we agree with the Supreme Court's determination granting the plaintiff's motion and, in effect, denying the defendant's cross motion to dismiss the complaint insofar as asserted against him (see Aurora Loan Servs., LLC v Colleluori, 170 AD3d 1097).
MASTRO, J.P., COHEN, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court