U.S. Bank N.A. v Pilkington (2024 NY Slip Op 04797)

U.S. Bank N.A. v Pilkington

2024 NY Slip Op 04797

Decided on October 2, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 2, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
BARRY E. WARHIT, JJ.

2022-10266
 (Index No. 16134/09)

[*1]U.S. Bank National Association, etc., appellant,
v
John Pilkington, et al., defendants.

Hinshaw & Culbertson LLP, New York, NY (Edward K. Lenci, Ben Z. Raindorf, and Charles W. Miller III of counsel), for appellant.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered May 12, 2016. The order denied the plaintiff's unopposed motion for leave to enter a default judgment, for an order of reference, and to amend the caption to substitute Marisol Costello in place of the "John Doe" defendant.
ORDERED that the order is reversed, on the law, without costs or disbursements, and the plaintiff's unopposed motion for leave to enter a default judgment, for an order of reference, and to amend the caption to substitute Marisol Costello in place of the "John Doe" defendant is granted.
In August 2009, the plaintiff commenced this action against the defendants John Pilkington and Elizabeth Pilkington (hereinafter together the Pilkingtons), among others, to foreclose a mortgage on residential property located in Long Beach. The plaintiff subsequently moved for leave to enter a default judgment, for an order of reference, and to amend the caption to substitute Marisol Costello in place of the "John Doe" defendant. In an order entered May 12, 2016, the Supreme Court denied the motion, determining that the plaintiff had failed to establish its strict compliance with RPAPL 1304. The plaintiff appeals.
"A plaintiff is entitled to a default judgment and an order of reference where it submits proof of service of the summons and complaint, proof of the facts constituting the claim, and proof of the defaulting defendant's failure to answer or appear" (Wells Fargo Bank, N.A. v Halberstam, 166 AD3d 710, 711; see CPLR 3215[f]; RPAPL 1321). Here, the plaintiff made the requisite showing (see Wells Fargo Bank, N.A. v Halberstam, 166 AD3d at 711; Aurora Loan Servs., LLC v Movtady, 165 AD3d 1025, 1026). The plaintiff also demonstrated that the caption should be amended to substitute Costello in place of the "John Doe" defendant (see Wells Fargo Bank, N.A. v Mayen, 155 AD3d 811, 813). Contrary to the Supreme Court's determination, the plaintiff was not required to demonstrate its compliance with RPAPL 1304, since the failure to comply with RPAPL 1304 is not a jurisdictional defect, and that defense was never raised by the Pilkingtons, who failed to appear or answer the complaint (see U.S. Bank Trust, N.A. v Green, 173 AD3d 1111, 1112; Flagstar Bank, FSB v Jambelli, 140 AD3d 829, 830).
Accordingly, the Supreme Court should have granted the plaintiff's unopposed motion for leave to enter a default judgment, for an order of reference, and to amend the caption to substitute Costello in place of the "John Doe" defendant.
CONNOLLY, J.P., CHRISTOPHER, GENOVESI and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court