■ AURORA LOAN SERVICES, LLC, Appellant, v SYE GROSS et al., Respondents, et al., Defendants. [32 NYS3d 249]—

In an action to foreclose a mortgage, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Knipel, J.), dated March 5, 2015, as denied its motion to vacate an order of the same court dated February 27, 2014, sua sponte directing the dismissal of the complaint pursuant to CPLR 3215 (c), and to restore the action to the trial calendar.

Ordered that the order dated March 5, 2015, is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, the plaintiff's motion to vacate the order dated February 27, 2014, and to restore the action to the trial calendar is granted, and the matter is remitted to the Supreme Court, Kings County, for a determination of the cross motion of the defendants Sye Gross and Goldie Gross for leave to serve and file a late answer.

The instant mortgage foreclosure action was commenced in January 2008. In the complaint, the plaintiff alleged that a default in payment occurred beginning with the payment due on October 1, 2007. According to the affidavits of service, the defendants Sye Gross and Goldie Gross (hereinafter together the defendants) were served with process pursuant to CPLR 308 (4) on February 11, 2008. They did not appear or answer the complaint. On June 24, 2008, the plaintiff filed a request for judicial intervention seeking an ex parte order of reference. The plaintiff moved for an order of reference in October 2009, and the motion was withdrawn on November 18, 2009.

A settlement conference was scheduled for September 20, 2010, and the defendants did not appear. On October 20, 2010, Administrative Order AO/548/10 of the Chief Administrative Judge of the State of New York was issued, requiring a

plaintiff's attorney in certain mortgage foreclosure actions to submit an affirmation confirming the accuracy of the allegations in the complaint. On March 2, 2011, Administrative Order AO/548/10 was replaced by Administrative Order AO/431/11, which revised the form for the required attorney affirmation. The plaintiff asserts that its former attorney attempted to comply with those Administrative Orders, but was "unsuccessful." After a status conference on February 27, 2014, the Supreme Court issued an order of that date, which sua sponte directed the dismissal of the complaint pursuant to CPLR 3215 (c), for the plaintiff's failure to move for leave to enter a default judgment within one year after the defendants' default.

In May 2014, the plaintiff changed attorneys, and thereafter moved to vacate the order dated February 27, 2014, and to restore the action to the trial calendar. In an attorney affirmation submitted in support of the motion, counsel for the plaintiff noted that the plaintiff filed a request for judicial intervention seeking an ex parte order of reference within one year after the defendants' default. The plaintiff's counsel further asserted that the delay in filing the motion arose from attempts to comply with Administrative Orders AO/548/2010 and AO/431/2011, and also CPLR 3408, which mandates settlement conferences in certain mortgage foreclosure actions. The defendants opposed the motion and, in the alternative, cross-moved for leave to serve and file a late answer, contending that the plaintiff's motion for an order of reference was not filed until October 2009, and was subsequently withdrawn. In the order appealed from, the Supreme Court denied the plaintiff's motion and, in effect, denied the defendants' cross motion as academic.

CPLR 3215 (c) states, in pertinent part: "If the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed." To avoid dismissal pursuant to CPLR 3215 (c), "[i]t is not necessary for a plaintiff to actually obtain a default judgment within one year of the default in order" (*US Bank N.A. v Dorestant*, 131 AD3d 467, 469 [2015]). Rather, "[a]s long as 'proceedings' are being taken, and these proceedings manifest an intent not to abandon the case but to seek a judgment, the case should not be subject to dismissal" (*Brown v Rosedale Nurseries*, 259 AD2d 256, 257 [1999] [internal quotation marks omitted]), even if the plaintiff's motion is later withdrawn (*see HSBC Bank USA, N.A. v Alexander*, 124 AD3d 838, 839 [2015]).

Here, the plaintiff initiated proceedings in June 2008 for the entry of a judgment of foreclosure and sale within one year of the defendants' default by filing the request for judicial intervention seeking an ex parte order of reference. There was no evidence that the plaintiff intended to abandon the action (*cf. Skeete v Bell*, 292 AD2d 371 [2002]). Rather, it appears that the plaintiff was attempting to comply with newly imposed requirements for certain mortgage foreclosure actions, which were revised while the action was pending. Under these circumstances, the Supreme Court improvidently exercised its discretion in sua sponte directing the dismissal of the complaint pursuant to CPLR 3215 (c), as no extraordinary circumstances existed to warrant dismissal (*see Citimortgage, Inc. v Espinal*, 136 AD3d 857 [2016]).

The defendants' remaining contentions are without merit (*see Zuccarini v Ziff-Davis Media*, 306 AD2d 404 [2003]; *Siegel v Obes*, 112 AD2d 930 [1985]).

Since, in the order appealed from, the defendants' cross motion for leave to serve and file a late answer was, in effect, denied as academic in light of the denial of the plaintiff's motion, we remit the matter to the Supreme Court, Kings County, for a determination of the defendants' cross motion on the merits. Mastro, J.P., Dillon, Hinds-Radix and Maltese, JJ., concur.