■ HSBC Bank USA, National Association, as Trustee for Nomura Asset-Backed Certificate Series, 2006-AF1, Appellant, v Abou Traore, Respondent, et al., Defendants. [32 NYS3d 283]—

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Kurtz, J.), dated September 2, 2014, which denied its motion for leave to enter a default judgment against the defendants upon their failure to appear or answer the complaint and for an order of reference, and granted the cross motion of the defendant Abou Traore pursuant to CPLR 3215 (c) to dismiss the complaint insofar as asserted against him as abandoned.

Ordered that the order is reversed, on the law, with costs, the plaintiff's motion for leave to enter a default judgment against the defendants upon their failure to appear or answer the complaint and for an order of reference is granted, and the cross motion of the defendant Abou Traore pursuant to CPLR 3215 (c) to dismiss the complaint insofar as asserted against him as abandoned is denied.

The plaintiff commenced this action in July 2008. Abou Traore (hereinafter the defendant) did not appear or answer the complaint. Although one of the other defendants served a notice of appearance, none of the defendants otherwise appeared or answered the complaint within the time permitted. In December 2008, the plaintiff moved, ex parte, for an order of reference. In 2010, the plaintiff withdrew the motion before it was decided. The matter was thereafter referred to the foreclosure settlement part where settlement conferences were held, the last of which was held on September 27, 2012.

In December 2013, the plaintiff moved for leave to enter a default judgment and for an order of reference. The defendant opposed the motion, and cross-moved pursuant to CPLR 3215 (c) to dismiss the complaint insofar as asserted against him as abandoned. The Supreme Court denied the plaintiff's motion and granted the defendant's cross motion. The plaintiff appeals.

CPLR 3215 (c) provides that "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after [a] default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed." However, "[i]t is not necessary for a plaintiff to actually obtain a default judgment within one year of the default in order to avoid dismissal pursuant to CPLR 3215 (c)" (US Bank N.A. v Dorestant, 131 AD3d 467, 469 [2015]; see Aurora Loan Servs., LLC v Gross, 139 AD3d 772 [2d Dept 2016]; Wells Fargo Bank, N.A. v Combs, 128 AD3d 812, 813 [2015]). Rather, it is enough that the plaintiff timely takes "the preliminary step toward obtaining a default judgment of foreclosure and sale by moving for an order of reference" to establish that it "initiated proceedings for entry of a judgment within one year of the default" for the purposes of satisfying CPLR 3215 (c) (Wells Fargo Bank, N.A. v Combs, 128 AD3d at 813; see Klein v St. Cyprian Props., Inc., 100 AD3d 711, 712 [2012]; Brown v Rosedale Nurseries, 259 AD2d 256, 257 [1999]). "[A]s long as proceedings are being taken, and these proceedings manifest an intent not to abandon the case but to seek a

judgment, the case should not be subject to dismissal" (*Brown v Rosedale Nurseries*, 259 AD2d at 257 [internal quotation marks omitted]; *see US Bank N.A. v Dorestant*, 131 AD3d at 469; *Wells Fargo Bank, N.A. v Combs*, 128 AD3d at 813; *Klein v St. Cyprian Props., Inc.*, 100 AD3d at 712). This is so even where, as here, the timely motion for an order of reference was subsequently withdrawn (*see US Bank N.A. v Dorestant*, 131 AD3d at 468; *HSBC Bank USA, N.A. v Alexander*, 124 AD3d 838, 839 [2015]).

In December 2008, when the plaintiff took the preliminary step toward obtaining a default judgment of foreclosure and sale by moving for an order of reference (*see* RPAPL 1321 [1]), it initiated proceedings for entry of the default judgment within one year of the defendants' default and, thus, did not abandon this action (*see* CPLR 3215 [c]; *US Bank N.A. v Dorestant*, 131 AD3d at 469; *Wells Fargo Bank, N.A. v Combs*, 128 AD3d at 813; *HSBC Bank USA, N.A. v Alexander*, 124 AD3d at 839). Accordingly, the Supreme Court erred in applying CPLR 3215 (c) and granting the defendant's cross motion to dismiss the action insofar as asserted against him on that basis.

The Supreme Court also erred in denying the plaintiff's motion. The plaintiff demonstrated its entitlement to an order of reference and a default judgment by submitting proof of service of a copy of the summons and complaint, proof of the facts constituting the claim, and proof that, although one of the defendants had served a notice of appearance, none of the defendants, including the defendant, had otherwise appeared or answered within the time allowed (*see* CPLR 3215 [f]; *U.S. Bank N.A. v Gulley*, 137 AD3d 1008 [2016]; *Deutsche Bank Natl. Trust Co. v Kuldip*, 136 AD3d 969 [2016]; *U.S. Bank N.A. v Wolnerman*, 135 AD3d 850, 850-851 [2016]). "To defeat a facially adequate CPLR 3215 motion, a defendant must show either that there was no default, or that it has a reasonable excuse for its delay and a potentially meritorious defense" (*US Bank N.A. v Dorestant*, 131 AD3d at 470 [internal quotation marks omitted]; *see U.S. Bank N.A. v Wolnerman*, 135 AD3d at 851; *Fried v Jacob Holding, Inc.*, 110 AD3d 56, 60 [2013]). Here, in opposition to the plaintiff's motion, the defendant failed to demonstrate that he did not default or that he had a reasonable excuse for his default (*see US Bank N.A. v Dorestant*, 131 AD3d at 470). Accordingly, the Supreme Court should have granted the plaintiff's motion for leave to enter a default judgment against the defendants upon their failure to appear or answer the complaint and for an order of reference. Dillon, J.P., Chambers, Barros and Brathwaite Nelson, JJ., concur.