In an action to foreclose a mortgage, the defendants Marina Roldan and Richard Roldan appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Putnam County (Grossman, J.), dated April 23, 2015, as, upon reargument, granted the plaintiffs motion for leave to enter a judgment of foreclosure and sale, upon their default in answering the complaint, and denied their cross motion pursuant to CPLR 3215 (c) to dismiss the complaint as abandoned, (2) from an order of the same court dated October 16, 2015, which denied their motion for leave to renew their prior motion, in effect, to vacate their default in answering the complaint, and to dismiss the complaint, inter alia, for lack of standing, which had been denied in an order of that court dated September 1, 2009, and (3) from a judgment of foreclosure and sale of the same court dated October 16, 2015, which, upon the orders, is in favor of the plaintiff and against them, confirming a referee’s report and directing the sale of the subject property.
 

 Ordered that the appeals from the orders dated April 23, 2015, and October 16, 2015, are dismissed; and it is further,
 

 Ordered that the judgment of foreclosure and sale is affirmed; and it is further,
 

 Ordered that one bill of costs is awarded to the plaintiff.
 

 The appeals from the orders dated April 23, 2015, and October 16, 2015, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment of foreclosure and sale (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeals from those orders are brought up for review and have been considered on the appeal from the judgment of foreclosure and sale (see CPLR 5501 [a] [1]).
 

 Contrary to the appellants’ contention, upon reargument, the Supreme Court properly granted the plaintiff’s motion for leave to enter a default judgment of foreclosure and sale. The plaintiff demonstrated its entitlement to a default judgment by submitting proof of service of a copy of the summons and complaint, proof of the facts constituting the causes of action, and proof that neither the appellants nor the other defendant appeared or answered the complaint within the time allowed (see RPAPL 1321 [1]; CPLR 3215 [fl; HSBC Bank USA v Angeles, 143 AD3d 671 [2016]; HSBC Bank USA, N.A. v Traore, 139 AD3d 1009 [2016]; Loancare v Carter, 139 AD3d 817 [2016]; TCIF REO GCM, LLC v Walker, 139 AD3d 704 [2016]; U.S. Bank N.A. v Gulley, 137 AD3d 1008 [2016]).
 

 Moreover, contrary to the appellants’ contention, dismissal of the action pursuant to CPLR 3215 (c) was unwarranted. CPLR 3215 (c) provides that “[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after [a] default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed.” “It is not necessary for a plaintiff to actually obtain a default judgment within one year of the default in order to avoid dismissal pursuant to CPLR 3215 (c)” (US Bank N.A. v Dorestant, 131 AD3d 467, 469 [2015]; see Wells Fargo Bank, N.A. v Daskal, 142 AD3d 1071, 1072 [2016]). “Rather, it is enough that the plaintiff timely takes ‘the preliminary step toward obtaining a default judgment of foreclosure and sale by moving for an order of reference’ to establish that it ‘initiated proceedings for entry of a judgment within one year of the default’ for the purposes of satisfying CPLR 3215 (c)” (HSBC Bank USA, N.A. v Traore, 139 AD3d at 1010, quoting Wells Fargo Bank, N.A. v Combs, 128 AD3d 812, 813 [2015]; see Klein v St. Cyprian Props., Inc., 100 AD3d 711, 712 [2012]). Here, the plaintiff initiated proceedings for the entry of a default judgment on or about June 26, 2009, within one year of the appellants’ default and, thus, did not abandon this action (see CPLR 3215 [c]; HSBC Bank USA, N.A. v Traore, 139 AD3d at 1011; US Bank N.A. v Dorestant, 131 AD3d at 469; Wells Fargo Bank, N.A. v Combs, 128 AD3d at 813).
 

 The appellants waived their contention that the plaintiff lacked standing to commence the action by failing to raise the issue in an answer or a timely pre-answer motion to dismiss (see Citigroup v Kopelowitz, 147 AD3d 1014, 1015 [2017]; Wells Fargo Bank Minn., N.A. v Mastropaolo, 42 AD3d 239, 244-245 [2007]).
 

 The appellants’ remaining contentions are without merit.
 

 Accordingly, the Supreme Court properly, upon the orders, confirmed the Referee’s report and directed the sale of the subject property.
 

 Balkin, J.P., Maltese, Barros and Connolly, JJ., concur.