Deutsche Bank Natl. Trust Co. v Delisser (2018 NY Slip Op 03504)





Deutsche Bank Natl. Trust Co. v Delisser


2018 NY Slip Op 03504


Decided on May 16, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2016-03238
 (Index No. 26319/07)

[*1]Deutsche Bank National Trust Company, etc., appellant,
v
Laveda Delisser, et al., respondents, et al., defendants.


Frenkel, Lambert, Weiss, Weisman & Gordon, LLP, Bay Shore, NY (Joseph F. Battista and Keith L. Abramson of counsel), for appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Marsha L. Steinhardt, J.), entered January 26, 2016. The order granted that branch of the motion of the defendant Laveda Delisser which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her, and granted the motion of the defendant Home Heating Oil, Inc., pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against it.
ORDERED that the order is reversed, on the law, with costs, that branch of the motion of the defendant Laveda Delisser which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her, and the motion of the defendant Home Heating Oil, Inc., pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against it are denied.
In July 2007, the plaintiff commenced this action to foreclose a mortgage against, among others, the defendants Laveda Delisser and Home Heating Oil, Inc. (hereinafter Home Heating; hereinafter together the defendants). The defendants failed to appear, answer the complaint, or move with respect to the complaint. Subsequently, Delisser moved, inter alia, pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her, and Home Heating moved pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against it. In the order appealed from, the Supreme Court granted that branch of Delisser's motion and granted Home Heating's motion, finding that the plaintiff failed to take proceedings for the entry of a default judgment within one year of the defendants' default. We reverse.
CPLR 3215(c) provides that "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after [a] default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed." "It is not necessary for a plaintiff to actually obtain a default judgment within one year of the default in order to avoid dismissal pursuant to CPLR 3215(c)" (US Bank N.A. v Dorestant, 131 AD3d 467, 469; see HSBC Bank USA, N.A. v Roldan, 155 AD3d 942, 944; Wells Fargo Bank, N.A. v Combs, 128 AD3d 812, 813). "Rather, it is enough that the plaintiff timely takes the preliminary step toward obtaining a default judgment of foreclosure and sale by moving for an order of reference' to establish that it initiated proceedings [*2]for entry of a judgment within one year of the default' for the purposes of satisfying CPLR 3215(c)" (HSBC Bank USA, N.A. v Traore, 139 AD3d 1009, 1010, quoting Wells Fargo Bank, N.A. v Combs, 128 AD3d at 813; see HSBC Bank USA, N.A. v Roldan, 155 AD3d at 944). Here, the plaintiff took the preliminary step toward obtaining a default judgment of foreclosure and sale by moving for an order of reference (see RPAPL 1321[1]) in October 2007, within one year of the defendants' default and, thus, did not abandon the action (see CPLR 3215[c]; HSBC Bank USA, N.A. v Roldan, 155 AD3d at 944; Wells Fargo Bank, N.A. v Mayen, 155 AD3d 811; HSBC Bank USA, N.A. v Traore, 139 AD3d at 1011; US Bank N.A. v Dorestant, 131 AD3d at 469; Wells Fargo Bank, N.A. v Combs, 128 AD3d at 813; Klein v St. Cyprian Props., Inc., 100 AD3d 711, 712).
Accordingly, the Supreme Court should have denied that branch of Delisser's motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her, and Home Heating's motion pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against it.
We do not address the plaintiff's arguments regarding its cross motion to vacate a conditional order of dismissal and an order of reference dated October 2, 2009, and for a new order of reference. The Supreme Court did not determine the plaintiff's cross motion and, therefore, it remains pending and undecided (see Katz v Katz, 68 AD2d 536, 542-543).
ROMAN, J.P., LASALLE, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court