Bank of Am., N.A. v Lucido (2018 NY Slip Op 05130)





Bank of Am., N.A. v Lucido


2018 NY Slip Op 05130


Decided on July 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2016-08959
 (Index No. 3769/09)

[*1]Bank of America, National Association, etc., appellant, 
v
Galina Lucido, etc., defendants, John A. Lucido, respondent.


Gross Polowy, LLC, Westbury, NY (Stephen J. Vargas of counsel), for appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Jeffrey Arlen Spinner, J.), dated May 10, 2016. The order, sua sponte, directed dismissal of the complaint pursuant to CPLR 3215(c) and cancellation of the notice of pendency filed against the subject property, and denied, in effect, as academic, the plaintiff's motion, inter alia, for a judgment of foreclosure and sale.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, directed dismissal of the complaint pursuant to CPLR 3215(c) and cancellation of the notice of pendency filed against the subject property is deemed to be an application for leave to appeal from those portions of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is reversed, on the facts and in the exercise of discretion, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, before a different Justice, for reinstatement of the complaint and the notice of pendency, and for a determination on the merits of the plaintiff's motion, inter alia, for a judgment of foreclosure and sale.
The plaintiff commenced this mortgage foreclosure action in January 2009 against, among others, the defendants Galina Lucido and John A. Lucido (hereinafter together the defendants). In December 2009, following the defendants' failure to answer the complaint, the Supreme Court granted the plaintiff's unopposed motion for an order of reference. The plaintiff thereafter moved for a judgment of foreclosure of sale, but then withdrew the motion on April 12, 2011. In a judgment dated April 16, 2012, the Supreme Court sanctioned the plaintiff for failing to negotiate in good faith during mandatory foreclosure settlement conferences (see CPLR 3408). On the plaintiff's appeal, in a decision and order dated February 13, 2014, this Court reversed the judgment (see Bank of Am., N.A. v Lucido, 114 AD3d 714). Subsequently, the plaintiff moved, inter alia, for a judgment of foreclosure and sale. In an order dated May 10, 2016, the Supreme Court, sua sponte, directed dismissal of the complaint pursuant to CPLR 3215(c) and cancellation of the notice of pendency, and, in effect, denied the plaintiff's motion as academic. The plaintiff appeals. We reverse.
CPLR 3215(c) provides that "[i]f the plaintiff fails to take proceedings for the entry [*2]of judgment within one year after [a] default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed." It is not necessary for a plaintiff to actually obtain a default judgment within one year of the default in order to avoid dismissal pursuant to CPLR 3215(c) (see HSBC Bank USA, N.A. v Roldan, 155 AD3d 942, 944; Aurora Loan Servs., LLC v Gross, 139 AD3d 772, 773; US Bank N.A. v Dorestant, 131 AD3d 467, 469). So long as the plaintiff has initiated proceedings for the entry of a judgment within one year of the default, there is no basis for dismissal of the complaint pursuant to CPLR 3215(c) (see HSBC Bank USA, N.A. v Roldan, 155 AD3d at 944; HSBC Bank USA N.A. v Traore, 139 AD3d 1009, 1010; Wells Fargo Bank, N.A. v Combs, 128 AD3d 812, 813). Here, the plaintiff took the preliminary step toward obtaining a default judgment of foreclosure and sale by moving for an order of reference (see RPAPL 1321[1]) within one year of the defendants' default (see HSBC Bank USA, N.A. v Roldan, 155 AD3d at 944; Aurora Loan Servs., LLC v Gross, 139 AD3d at 774; Klein v St. Cyprian Props., Inc., 100 AD3d 711, 712). There was no evidence that the plaintiff intended to abandon the action. Accordingly, the Supreme Court improvidently exercised its discretion in sua sponte directing dismissal of the complaint pursuant to CPLR 3215(c) and cancellation of the notice of pendency (see Aurora Loan Servs., LLC v Gross, 139 AD3d at 774; Citimortgage, Inc. v Espinal, 136 AD3d 857, 859).
Since the Supreme Court did not consider the merits of the plaintiff's motion, inter alia, for a judgment of foreclosure and sale, we remit the matter to the Supreme Court, Suffolk County, before a different Justice, for reinstatement of the complaint and the notice of pendency, and for a determination on the merits of the motion (see Downey Sav. & Loan Assn., F.A. v Aribisala, 147 AD3d 911, 912; Deutsche Bank Natl. Trust Co. v Martin, 134 AD3d 665, 665; Emigrant Mtge. Co., Inc. v Gosdin, 119 AD3d 639, 640; Klein v St. Cyprian Props., Inc., 100 AD3d at 712).
MASTRO, J.P., COHEN, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court