National City Mtge. Co. v Sclavos (2019 NY Slip Op 03605)





National City Mtge. Co. v Sclavos


2019 NY Slip Op 03605


Decided on May 8, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
JEFFREY A. COHEN
JOSEPH J. MALTESE, JJ.


2017-05753
 (Index No. 14519/09)

[*1]National City Mortgage Co., appellant,
v
Kostas Sclavos, et al., defendants.


McGlinchey Stafford, New York, NY (Brian S. McGrath of counsel), for appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Jeffrey Arlen Spinner, J.), dated October 30, 2015. The order denied the plaintiff's motion to vacate an order of the same court dated November 21, 2012, directing dismissal of the action for failure to prosecute, and to restore the action to the calendar.
ORDERED that the order dated October 30, 2015, is reversed, on the law, without costs or disbursements, and the plaintiff's motion to vacate the order dated November 21, 2012, and to restore the action to the calendar is granted.
On April 16, 2009, the plaintiff commenced this action against the defendants to foreclose a mortgage. None of the defendants answered the complaint. In an order dated September 14, 2009, the Supreme Court granted the plaintiff's motion for an order of reference. The plaintiff then moved for a judgment of foreclosure and sale. On March 15, 2011, the plaintiff withdrew that motion, noting that it "will not be discontinuing [this] action." Subsequently, the court directed the parties to appear at a compliance conference on July 20, 2012. According to a subsequent order, at that conference, the court directed the plaintiff to resume prosecution of the action. In an ex parte letter to the court dated October 17, 2012, the plaintiff's counsel requested an additional 60 days to file a motion for a judgment of foreclosure and sale, stating that "[t]he necessary client documentation has been delayed."
In an order dated November 21, 2012, the Supreme Court directed dismissal of the action, stating that the plaintiff "has, without good cause or explanation, failed and neglected to comply with the express directives of the Court and has failed to resume prosecution of this action." The court did not state what statute it was relying on to direct dismissal of the action. On April 27, 2015, the plaintiff moved to vacate the order of dismissal and to restore the action to the calendar. In an order dated October 30, 2015, the court denied the plaintiff's motion. The plaintiff appeals.
We agree with the plaintiff's contention that the Supreme Court was without authority to direct dismissal of this action pursuant to CPLR 3216. CPLR 3216(b)(1) states that no dismissal should be made under this statute unless issue has been joined. Indeed, "[a] court may not dismiss an action based on neglect to prosecute unless the CPLR 3216 statutory preconditions to dismissal are met" (Delgado v New York City Hous. Auth., 21 AD3d 522, 522). Here, none of the defendants submitted an answer to the complaint and, thus, issue was never joined.
We also agree with the plaintiff's contention that the Supreme Court had no authority [*2]to direct dismissal of this action under CPLR 3215(c). "An action is deemed abandoned where a default has occurred and a plaintiff has failed to take proceedings for the entry of a judgment within one year thereafter" (Iorizzo v Mattikow, 25 AD3d 762, 763; see CPLR 3215[c]). It is not necessary for a plaintiff to actually obtain a default judgment within one year of the default in order to avoid dismissal pursuant to CPLR 3215(c) (see HSBC Bank USA, N.A. v Roldan, 155 AD3d 942, 944). Nor is a plaintiff required to specifically seek the entry of a judgment within a year (see Wells Fargo Bank, N.A. v Daskal, 142 AD3d 1071, 1072-1073). As long as the plaintiff has initiated proceedings for the entry of a judgment within one year of the default, there is no basis for dismissal of the complaint pursuant to CPLR 3215(c) (see HSBC Bank USA, N.A. v Roldan, 155 AD3d at 944; HSBC Bank USA, N.A. v Traore, 139 AD3d 1009, 1010).
Here, the plaintiff commenced the action on April 16, 2009. The Supreme Court granted the plaintiff's motion for an order of reference only five months later, on September 14, 2009—well within one year of the commencement of the action. Although the plaintiff later withdrew its motion for a judgment of foreclosure and sale, in doing so, it stated that it "will not be discontinuing [this] action." Thus, the plaintiff explicitly informed the court that it was not abandoning the action (see Bank of Am., N.A., v Lucido, 163 AD3d 614, 615-616; Wells Fargo Bank, N.A. v Mayen, 155 AD3d 811; Aurora Loan Servs., LLC, v Gross, 139 AD3d 772, 773).
Therefore, the Supreme Court had no statutory basis for directing dismissal of the action, and it should have granted the plaintiff's motion to vacate the order of dismissal and to restore the action to the calendar.
The plaintiff's remaining contentions have been rendered academic in light of our determination.
MASTRO, J.P., AUSTIN, COHEN and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court