US Bank N.A. v Meyer (2019 NY Slip Op 06014)





US Bank N.A. v Meyer


2019 NY Slip Op 06014


Decided on July 31, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2017-09735
 (Index No. 41759/08)

[*1]US Bank National Association, etc., respondent,
v
Melissa F. Meyer, et al., appellants, et al., defendants.


Ronald D. Weiss, P.C., Melville, NY, for appellants.
Woods Oviatt Gilman LLP (Reed Smith LLP, New York, NY [Kerren B. Zinner and Andrew B. Messite], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Melissa F. Meyer and Glenn J. Meyer appeal from an order of the Supreme Court, Suffolk County (Arthur G. Pitts, J.), dated August 3, 2017. The order granted the plaintiff's motion to vacate an order of the same court dated April 4, 2013, which, in effect, directed dismissal of the action pursuant to CPLR 3216(b), and to restore the action to the calendar.
ORDERED that the order dated August 3, 2017, is affirmed, with costs.
The plaintiff commenced this mortgage foreclosure action on November 18, 2008, against, among others, the defendants Melissa F. Meyer and Glenn J. Meyer (hereinafter together the appellants). The appellants never answered the complaint nor made a motion in response to the complaint.
On August 14, 2009—less than a year after the plaintiff commenced this action—the Supreme Court denied the plaintiff's motion for an order of reference, without prejudice. In an order dated April 4, 2013 (hereinafter the April 2013 order), the Supreme Court noted that the case had been inactive for a lengthy period of time, and directed the plaintiff to move for summary judgment and an order of reference within 90 days. The April 2013 order provided that if the plaintiff failed to comply with its terms, the action would be dismissed.
In October 2016, the plaintiff moved to vacate the April 2013 order and to restore the action to the calendar. The plaintiff argued that the Supreme Court had no statutory authority to dismiss the complaint pursuant to CPLR 3215(c). In the order appealed from, dated August 3, 2017, the Supreme Court granted the plaintiff's motion, determining that its earlier dismissal of the action was improper because the April 2013 order did not constitute a 90-day demand as required by CPLR 3216(b).
We agree with the Supreme Court's determination to vacate the April 2013 order. Joinder of issue and service of a 90-day notice are conditions precedent to a dismissal under CPLR 3216 (see Deutsche Bank Natl. Trust Co. v Hall, 149 AD3d 803, 804; see also CPLR 3216[b]; [*2]Baczkowski v Collins Constr. Co., 89 NY2d 499, 503). Since issue was never joined in this action, the court had no authority to dismiss the action pursuant to CPLR 3216(b) (see Deutsche Bank Natl. Trust Co. v Hall, 149 AD3d at 804; Dailey v Smiley, 65 AD2d 915, 915).
Contrary to the appellants' contention, the Supreme Court also lacked statutory authority to dismiss this action pursuant to CPLR 3215(c). CPLR 3215(c) provides that "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after [a] default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed." " It is not necessary for a plaintiff to actually obtain a default judgment within one year of the default in order to avoid dismissal pursuant to CPLR 3215(c)'" (HSBC Bank USA, N.A. v Roldan, 155 AD3d 942, 944, quoting US Bank N.A. v Dorestant, 131 AD3d 467, 469). As long as the plaintiff has initiated proceedings for the entry of a judgment within one year of the default, there is no basis for dismissal of the complaint pursuant to CPLR 3215(c) (see HSBC Bank USA, N.A. v Roldan, 155 AD3d at 944; HSBC Bank USA., N.A. v Traore, 139 AD3d 1009, 1010). Here, the plaintiff moved for an order of reference within one year of the default. Thus, there was no basis for dismissal under CPLR 3215(c).
The appellants' remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's determination granting the plaintiff's motion to vacate the April 2013 order and to restore the action to the calendar.
DILLON, J.P., CHAMBERS, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court