Aurora Loan Servs., LLC v Bandhu (2019 NY Slip Op 06734)





Aurora Loan Servs., LLC v Bandhu


2019 NY Slip Op 06734


Decided on September 25, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 25, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2015-11603
 (Index No. 27189/09)

[*1]Aurora Loan Services, LLC, appellant, 
v
Vishnu Bandhu, respondent, et al., defendants.


Sandelands Eyet LLP, New York, NY (William C. Sandelands, Laurence P. Chirch, and Jamie N. Burke of counsel), for appellant.
Mischel & Horn, P.C., New York, NY (Scott T. Horn of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Wayne Saitta, J.), dated December 4, 2014. The order denied the plaintiff's motion for an order of reference, and, sua sponte, directed dismissal of the complaint pursuant to CPLR 3215(c).
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, directed dismissal of the complaint pursuant to CPLR 3215(c) is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is reversed, on the law, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In October 2009, the plaintiff commenced this action to foreclose a mortgage against, among others, the defendant Vishnu Bandhu. Bandhu never answered the complaint. On February 9, 2010, the plaintiff moved for an order of reference. The plaintiff withdrew this motion on March 14, 2011, noting that "[t]he Plaintiff will not be discontinuing [this] action."
In an order dated September 27, 2012, the Supreme Court, inter alia, noted that Bandhu failed to appear for a settlement conference that day. On July 18, 2013, the plaintiff again moved for an order of reference. Bandhu opposed the plaintiff's motion, and he served and filed a cross motion to vacate his default and to dismiss the complaint insofar as asserted against him on the grounds of lack of personal jurisdiction and lack of standing. In an order dated December 4, 2014, the court denied the plaintiff's motion for an order of reference for, in effect, failing to establish standing and, sua sponte, directed dismissal of the complaint pursuant to CPLR 3215(c). The court did not address Bandhu's cross motion. The plaintiff appeals.
CPLR 3215(c) provides that "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after [a] default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed." It is not necessary for a plaintiff to actually obtain a default judgment within one year of the default in order to avoid dismissal pursuant to [*2]CPLR 3215(c) (see HSBC Bank USA, N.A. v Roldan, 155 AD3d 942, 944; Aurora Loan Servs., LLC v Gross, 139 AD3d 772, 773). Nor is a plaintiff required to specifically seek the entry of a judgment within a year (see Wells Fargo Bank, N.A. v Daskal, 142 AD3d 1071, 1072-1073). As long as the plaintiff has initiated proceedings for the entry of a judgment within one year of the default, there is no basis for dismissal of the complaint pursuant to CPLR 3215(c) (see HSBC Bank USA, N.A. v Roldan, 155 AD3d at 944; HSBC Bank USA, N.A. v Traore, 139 AD3d 1009, 1010).
Here, the Supreme Court should not have, sua sponte, directed dismissal of the complaint, because the plaintiff moved for an order of reference within one year of Bandhu's default (see Bank of Am., N.A. v Lucido, 163 AD3d 614; Wells Fargo Bank, N.A. v Mayen, 155 AD3d 811). In such cases, the complaint should not be dismissed, even if, as here, "the plaintiff's motion is later withdrawn" (Aurora Loan Servs., LLC v Gross, 139 AD3d at 773). Moreover, when withdrawing its original motion for an order of reference, the plaintiff indicated that it was not abandoning the action (see Bank of Am., N.A. v Lucido, 163 AD3d 614).
Further, the Supreme Court should not have denied the plaintiff's motion for an order of reference for, in effect, failing to establish standing without first determining Bandhu's cross motion to vacate his default and to dismiss the complaint insofar as asserted against him based on the ground of lack of personal jurisdiction. Contrary to Bandhu's contention, at this juncture, the court should not have considered his argument that the plaintiff lacked standing, as Bandhu was in default and therefore standing was not placed in issue by him (see US Bank N.A. v Nelson, 169 AD3d 110, 114).
Accordingly, the matter must be remitted to the Supreme Court, Kings County, for a determination of Bandhu's cross motion to vacate his default and to dismiss the complaint insofar as asserted against him based on the ground of lack of personal jurisdiction and, thereafter, for a new determination of the plaintiff's motion for an order of reference
Bandhu's remaining contention is not properly before this Court.
MASTRO, J.P., COHEN, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court