LaSalle Bank N.A. v Lawrence (2020 NY Slip Op 05041)





LaSalle Bank N.A. v Lawrence


2020 NY Slip Op 05041


Decided on September 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
JOHN M. LEVENTHAL
ANGELA G. IANNACCI, JJ.


2017-02756
 (Index No. 23060/08)

[*1]LaSalle Bank National Association, etc., respondent,
v
Wayne Lawrence, appellant, et al., defendants.


Berg & David, PLLC, Brooklyn, NY (Abraham David and Megha Patel Kotecha of counsel), for appellant.
Frenkel, Lambert, Weiss, Weisman & Gordon, LLP, Bay Shore, NY (Ruth O'Connor of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Wayne Lawrence appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated September 10, 2015. The order, insofar as appealed from, in effect, granted that branch of the plaintiff's motion which was for leave to reargue its prior motion, inter alia, to vacate an order of the same court dated July 9, 2013, dismissing the action pursuant to CPLR 3215(c), and upon reargument, granted the plaintiff's prior motion, vacated the order dated July 9, 2013, and restored the action to the trial calendar.
ORDERED that the order dated September 10, 2015, is affirmed insofar as appealed from, with costs.
On August 11, 2008, the plaintiff commenced this action to foreclose a mortgage against, among others, the defendant Wayne Lawrence. Lawrence never answered the complaint. By order dated January 25, 2010, the Supreme Court granted the plaintiff's motion for leave to enter a default judgment and for an order of reference. On July 9, 2013, the court issued an order directing dismissal of the complaint pursuant to CPLR 3215(c), based upon the plaintiff's failure "to proceed to entry of judgment within one year of default" (hereinafter the dismissal order). After the court denied the plaintiff's motion to vacate the dismissal order and to restore the action, the plaintiff moved, inter alia, for leave to reargue its prior motion. The court granted the plaintiff leave to reargue, and upon reargument, granted the plaintiff's prior motion. Lawrence appeals.
"Motions for reargument are addressed to the sound discretion of the court which decided the prior motion and may be granted upon a showing that the court overlooked or misapprehended the facts or law or for some [other] reason mistakenly arrived at its earlier decision" (E.W. Howell Co., Inc. v S.A.F. La Sala Corp., 36 AD3d 653, 654 [internal quotation marks omitted]; see CPLR 2221[d]).
CPLR 3215(c) provides that "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after [a] default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed." Here, since the plaintiff "initiated [*2]proceedings for the entry of a judgment within one year of the default" by moving for leave to enter a default judgment and for an order of reference, there was no basis for dismissal of the complaint pursuant to CPLR 3215(c) (see Aurora Loan Servs., LLC v Bandhu, 175 AD3d 1470). It was not necessary for the plaintiff to actually obtain a default judgment within one year of the default (see HSBC Bank USA, N.A. v Roldan, 155 AD3d 942, 944; Aurora Loan Servs., LLC v Gross, 139 AD3d 772, 773), or "to specifically seek the entry of a judgment within a year" (Aurora Loan Servs., LLC v Bandhu, 175 AD3d at 1471; see Wells Fargo Bank, N.A. v Daskal, 142 AD3d 1071, 1072-1073) to avoid dismissal pursuant to CPLR 3215(c).
Since, in directing dismissal of the complaint pursuant to CPLR 3215(c), and then denying the plaintiff's motion, among other things, to vacate the dismissal order, the Supreme Court had "overlooked or misapprehended" the law (see CPLR 2221[d][2]), it was a provident exercise of its discretion to, in effect, grant that branch of the plaintiff's motion which was for leave to reargue, and, upon reargument, to vacate the dismissal order and restore the action.
RIVERA, J.P., BALKIN, LEVENTHAL and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court