Federal Natl. Mtge. Assn. v Edmund-Henry (2020 NY Slip Op 06245)





Federal Natl. Mtge. Assn. v Edmund-Henry


2020 NY Slip Op 06245


Decided on November 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2019-01205
2019-01206 
 (Index No. 20702/09)

[*1]Federal National Mortgage Association, etc., respondent, 
v
Arianne Edmund-Henry, appellant, et al., defendants. Warren Sussman, Purchase, NY, for appellant.


McCalla Raymer Leibert Pierce, LLC, New York, NY (Richard P. Haber of counsel), for respondent.



DECISION & ORDER
In a consolidated action to foreclose a mortgage, the defendant Arianne Edmund-Henry appeals from (1) a decision of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered September 19, 2018, and (2) an order of the same court entered September 19, 2018. The order, upon the decision, granted the plaintiff's motion to restore the action to the calendar, for leave to enter a default judgment against the defendant Arianne Edmund-Henry, to consolidate the action with a separate action the plaintiff had commenced against other defendants, to amend the caption, and for an order of reference.
ORDERED that the appeal from the decision is dismissed, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509); and it is further,
ORDERED that the order is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
On October 9, 2009, the plaintiff's predecessor in interest, CitiMortgage, Inc. (hereinafter CitiMortgage), commenced this mortgage foreclosure action against, among others, the defendant Arianne Edmund-Henry. Edmund-Henry never answered the complaint nor made a motion in response to the complaint. On February 18, 2010, CitiMortgage filed a request for judicial intervention (hereinafter RJI) seeking an ex parte order of reference. The RJI was apparently rejected by the Supreme Court because CitiMortgage failed to request a foreclosure settlement conference as mandated by CPLR 3408. On March 16, 2010, an RJI was filed seeking a settlement conference. Edmund-Henry failed to appear at the scheduled settlement conference.
Edmund-Henry filed for bankruptcy in federal court on June 16, 2010, and this action was subject to an automatic stay. Edmund-Henry was discharged from bankruptcy and the stay was lifted on October 22, 2010. On or about April 16, 2012, CitiMortgage moved for an order of reference. In an order entered July 9, 2012, the Supreme Court denied the motion for an order of reference without prejudice.
The note and mortgage were thereafter assigned to the plaintiff. On May 16, 2017, the plaintiff moved to restore the action to the calendar, for leave to enter a default judgment against Edmund-Henry, to consolidate the action with a separate action it commenced against other defendants, to amend the caption, and for an order of reference. In an order entered November 30, 2017, the Supreme Court denied the motion with leave to renew because an RJI had not been filed in the second action.
On or about April 19, 2018, the plaintiff renewed its motion to restore the action to the calendar, for leave to enter a default judgment against Edmund-Henry, to consolidate the two actions, to amend the caption, and for an order of reference. In the order appealed from, the Supreme Court, granted the plaintiff's motion.
We agree with the Supreme Court's determination to grant those branches of the plaintiff's motion which were for leave to enter a default judgment against her and for an order of reference. The plaintiff demonstrated its entitlement to a default judgment against Edmund-Henry and an order of reference by submitting evidence of service of a copy of the summons and complaint, evidence of the facts constituting the causes of action, and evidence that Edmund-Henry neither appeared nor answered the complaint within the time allowed (see RPAPL 1321[1]; CPLR 3215[f]; HSBC Bank USA, N.A. v Roldan, 155 AD3d 942, 944). In opposition to the plaintiff's motion, Edmund-Henry failed to offer any excuse for her default (see CPLR 2004, 3012[d]; Bank of Am., N.A. v Agarwal, 150 AD3d 651, 652). Accordingly, we need not consider whether she demonstrated a potentially meritorious defense, including the plaintiff's purported failure to comply with the notice requirements of RPAPL 1304 (see Nationstar Mtge., LLC v Avella, 173 AD3d 1054, 1055; Bank of Am., N.A. v Agarwal, 150 AD3d at 652).
Moreover, contrary to Edmund-Henry's contention, dismissal of the complaint pursuant to CPLR 3215(c) was unwarranted. "CPLR 3215(c) provides that '[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after [a] default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed'" (Aurora Loan Servs., LLC v Bandhu, 175 AD3d 1470, 1471). It is not necessary for a plaintiff to actually obtain a default judgment within one year of the default in order to avoid dismissal pursuant to CPLR 3215(c) (see US Bank N.A. v Meyer, 174 AD3d 948, 949; HSBC Bank USA, N.A. v Roldan, 155 AD3d at 944). As long as the plaintiff has initiated proceedings for the entry of a judgment within one year of the default, there is no basis for dismissal of the complaint pursuant to CPLR 3215(c) (see HSBC Bank USA, N.A. v Roldan, 155 AD3d at 944; HSBC Bank USA, N.A. v Traore, 139 AD3d 1009, 1010). This is so even where a timely motion for an order of reference is subsequently withdrawn (see HSBC Bank USA, N.A. v Traore, 139 AD3d at 1011).
Here, in February 2010, the plaintiff's predecessor in interest took the preliminary step toward obtaining a default judgment of foreclosure and sale by filing an RJI as a step towards seeking an ex parte order of reference within four months after Edmund-Henry's default in appearing or answering. Thus, the plaintiff initiated proceedings for the entry of the default judgment of foreclosure and sale within one year of Edmund-Henry's default (see CPLR 3215[c]; HSBC Bank USA, N.A. v Roldan, 155 AD3d at 944) and demonstrated that it did not abandon the action (see Aurora Loan Servs., LLC v Bandhu, 175 AD3d at 1471).
CHAMBERS, J.P., ROMAN, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court