Deutsche Bank Natl. Trust Co. v Hasan (2020 NY Slip Op 06243)





Deutsche Bank Natl. Trust Co. v Hasan


2020 NY Slip Op 06243


Decided on November 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
LEONARD B. AUSTIN
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2019-01325
2019-01326
 (Index No. 27172/09)

[*1]Deutsche Bank National Trust Company, etc., appellant, 
v
Gamal T. Hasan, respondent, et al., defendants.


Hogan Lovells US LLP, New York, NY (Lisa J. Fried and Chava Brandriss of counsel), for appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated January 21, 2014, and (2) an order of the same court dated September 18, 2014. The order dated January 21, 2014, sua sponte, directed dismissal of the complaint as abandoned pursuant to CPLR 3215(c). The order dated September 18, 2014, denied the plaintiff's motion to vacate the order dated January 21, 2014.
ORDERED that the appeal from the order dated January 21, 2014, is dismissed, as no appeal lies as of right from an order that does not decide a motion made on notice (see CPLR 5701[a][2]), and we decline to grant leave to appeal, as the appeal from that order is academic in light of our determination of the appeal from the order dated September 18, 2014; and it is further,
ORDERED that the order dated September 18, 2014, is reversed, on the law, and the plaintiff's motion to vacate the order dated January 21, 2014, is granted; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff commenced this action to foreclose a mortgage on October 27, 2009. None of the defendants appeared in the action. In May 2010, the plaintiff moved for an order of reference. However, on December 2, 2010, the plaintiff withdrew the motion due to an administrative order of the Supreme Court, Kings County.
In an order dated January 21, 2014, the Supreme Court, sua sponte, directed dismissal of the complaint as abandoned pursuant to CPLR 3215(c). In an order dated September 18, 2014, the court denied the plaintiff's motion to vacate the January 21, 2014 order. The plaintiff appeals.
Pursuant to CPLR 3215(c), "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after [a] default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed." It is not necessary for a plaintiff to actually obtain a default judgment within one year of the default in order to avoid dismissal pursuant to CPLR 3215(c) (see Aurora Loan Servs., LLC v Bandhu, 175 AD3d 1470, 1471; US Bank N.A. v [*2]Dorestant, 131 AD3d 467, 469). "Rather, it is enough that the plaintiff timely takes 'the preliminary step toward obtaining a default judgment of foreclosure and sale by moving for an order of reference' to establish that it 'initiated proceedings for entry of a judgment within one year of the default,' for the purposes of satisfying CPLR 3215(c)" (HSBC Bank USA, N.A. v Traore, 139 AD3d 1009, 1010, quoting Wells Fargo Bank, N.A. v Combs, 128 AD3d 812, 813).
Here, the plaintiff took the preliminary step toward obtaining a default judgment of foreclosure and sale by moving for an order of reference in May 2010, within one year of the defendants' default (see Bank of Am., N.A. v Lucido, 163 AD3d 614, 615; HSBC Bank USA, N.A. v Roldan, 155 AD3d 942, 944). In such cases, the complaint should not be dismissed pursuant to CPLR 3215(c), even if, as here, the plaintiff's motion is later withdrawn (see Aurora Loan Servs., LLC v Bandhu, 175 AD3d at 1471; Aurora Loan Servs., LLC v Gross, 139 AD3d 772, 774; Citimortgage, Inc. v Espinal, 136 AD3d 857, 859).
Accordingly, the Supreme Court should not have, sua sponte, directed dismissal of the complaint pursuant to CPLR 3215(c), and the plaintiff's motion to vacate the order dated January 21, 2014, should have been granted.
SCHEINKMAN, P.J., AUSTIN, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court