Christiana Trust v Victor (2024 NY Slip Op 00994)

Christiana Trust v Victor

2024 NY Slip Op 00994

Decided on February 28, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 28, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
LOURDES M. VENTURA, JJ.

2020-02040
 (Index No. 3714/16)

[*1]Christiana Trust, etc., respondent,
v
James Victor, appellant, et al., defendants.

Steve Okenwa, P.C., Brooklyn, NY, for appellant.
Gross Polowy, LLC (J. Robbin Law, PLLC, Armonk, NY [Jacquelyn A. DiCicco and Jonathan M. Robbin], of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant James Victor appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered November 12, 2019. The order, insofar as appealed from, upon granting that branch of the plaintiff's motion which was to consolidate this action with an action entitled Christiana Trust v Victor, pending in the same court under Index No. 2235/15, (1) granted those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant James Victor and for an order of reference, appointed a referee to compute the amount due on the mortgage loan, (2) in effect, denied those branches of that defendant's cross-motion made in this action which were pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned, or, in the alternative, for summary judgment dismissing the complaint insofar as asserted against him, and (3) denied that branch of that defendant's separate cross-motion, made in the action pending under Index No. 2235/15, which was for leave to reargue his prior motion pursuant to CPLR 3215(c) to dismiss the complaint in that action insofar as asserted against him as abandoned, which had been denied in an order of the same court dated March 26, 2018.
ORDERED that the appeal from so much of the order entered November 12, 2019, as denied that branch of the cross-motion of the defendant James Victor, made in the action pending under Index No. 2235/15, which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument (see Tarlo v 270 Fifth St. Corp., 201 AD3d 837, 838); and it is further,
ORDERED that the order entered November 12, 2019, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
On June 22, 2007, the defendant James Victor (hereinafter the defendant) executed a note in the amount of $367,200 in favor of First Magnus Financial Corporation (hereinafter First Magnus). The note was secured by a mortgage on certain real property located in Nassau County.
On March 12, 2015, the plaintiff, First Magnus's successor in interest, commenced an action to foreclose the mortgage against the defendant, among others (hereinafter the 2015 [*2]action). The defendant failed to timely answer the complaint. The defendant moved pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned. In an order dated March 26, 2018, the Supreme Court denied the defendant's motion.
On May 20, 2016, the plaintiff commenced this action to foreclose the same mortgage against the defendant, among others (hereinafter the 2016 action), apparently because the plaintiff's counsel discovered a defect in the service of the summons and complaint in the 2015 action. The complaint noted that the 2015 action was still pending. The defendant failed to timely answer the complaint in the 2016 action.
In January 2018, the plaintiff moved in the 2016 action, inter alia, to consolidate the 2015 action and the 2016 action, for leave to enter a default judgment against the defendant, and for an order of reference. On April 27, 2018, the defendant interposed an answer to the complaint in the 2015 action. In an order entered September 11, 2018, the Supreme Court, among other things, denied the plaintiff's motion as premature. On September 21, 2018, the defendant interposed an answer to the complaint in the 2016 action.
On or about March 7, 2019, the plaintiff again moved in the 2016 action, inter alia, to consolidate the 2015 action and the 2016 action, for leave to enter a default judgment against the defendant, and for an order of reference. In an affirmation in support of the motion, the plaintiff's counsel stated that the 2016 action was released from the foreclosure settlement conference part on January 31, 2017.
The defendant opposed the plaintiff's motion, arguing, inter alia, that the plaintiff lacked standing, and cross-moved in the 2016 action, among other things, pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned, or, in the alternative, for summary judgment dismissing the complaint insofar as asserted against him on the ground that the action was time-barred.
The defendant cross-moved in the 2015 action, inter alia, for leave to reargue his motion pursuant to CPLR 3215(c) to dismiss the complaint in that action insofar as asserted against him as abandoned.
In an order entered November 12, 2019, the Supreme Court, inter alia, upon granting that branch of the plaintiff's motion which was to consolidate the 2015 action and the 2016 action, granted those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant and for an order of reference, appointed a referee to compute the amount due on the mortgage loan, in effect, denied those branches of the defendant's cross-motion made in the 2016 action which were pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned, or, in the alternative, for summary judgment dismissing the complaint insofar as asserted against him, and denied that branch of the defendant's separate cross-motion made in the 2015 action which was for leave to reargue his prior motion pursuant to CPLR 3215(c) to dismiss the complaint in that action insofar as asserted against him as abandoned. The defendant appeals.
Initially, the appeal from so much of the order as denied that branch of the defendant's cross-motion which was for leave to reargue his motion pursuant to CPLR 3215(c) to dismiss the complaint in the 2015 action insofar as asserted against him is dismissed, as no appeal lies from an order denying reargument (see Tarlo v 270 Fifth St. Corp., 201 AD3d 837, 838).
The Supreme Court properly, in effect, denied that branch of the defendant's cross-motion made in the 2016 action which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned. Pursuant to CPLR 3215(c), "[a]n action is deemed abandoned where a default has occurred and a plaintiff has failed to take proceedings for the entry of a judgment within one year thereafter" (Iorizzo v Mattikow, 25 AD3d 762, 763). It is not necessary for a plaintiff to actually obtain a default judgment within one year of the default in order to avoid dismissal pursuant to CPLR 3215(c) (see Deutsche Bank Natl. Trust Co. v Khalil, 208 [*3]AD3d 555, 557-558; HSBC Bank USA, N.A. v Roldan, 155 AD3d 942, 944). Nor is a plaintiff required to specifically seek the entry of a judgment within one year (see Wells Fargo Bank, N.A. v Daskal, 142 AD3d 1071, 1072-1073). As long as the plaintiff has initiated proceedings for the entry of a judgment within one year of the default, there is no basis for dismissal of the complaint pursuant to CPLR 3215(c) (see Deutsche Bank Natl. Trust Co. v Khalil, 208 AD3d at 557-558; HSBC Bank USA, N.A. v Roldan, 155 AD3d at 944).
However, a defendant may waive the right to seek dismissal pursuant to CPLR 3215(c) by serving an answer or taking "any other steps which may be viewed as a formal or informal appearance" (Myers v Slutsky, 139 AD2d 709, 711). Here, the plaintiff correctly argues that the defendant waived his right to seek dismissal of the complaint in the 2016 action insofar as asserted against him by serving an untimely answer in the action (see OneWest Bank, FSB v Lara, 192 AD3d 695, 697).
Since the defendant never vacated his default, he is precluded from raising the affirmative defenses of lack of standing (see Ditech Fin., LLC v Howell, 201 AD3d 786, 788) and statute of limitations (see Nestor I, LLC v Moriarty-Gentile, 179 AD3d 936, 938). Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant and for an order of reference, and properly denied that branch of the defendant's cross-motion made in the 2016 action which was for summary judgment dismissing the complaint insofar as asserted against him on the ground that the action was time-barred.
DILLON, J.P., CHAMBERS, FORD and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court